| Infinity Auto Ins. Co. v Urena |
|:---:|
| 2025 NY Slip Op 32446(U) |
| July 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152131/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: __HON. LYLE E. FRANK__ | PART 11M |
| *Justice* | |

------------------------------------------------------------------------------X

INFINITY AUTO INSURANCE COMPANY,

                      Plaintiff,

               - v -

SURAGEE CHRISTINE URENA, ZACARIAS VARGAS
SANCHEZ, A 1 MED SUPPLY, INC, ACTIVE LIFE
CHIROPRACTIC, PC,AKE SERVICES INC, ALL COUNTY,
LLC,AVE U EQUIPMENT INC, BETTER SOON RX INC,
BOULEVARD MEDICAL CARE, PC,BRONX COUNTY
MEDICAL CARE, PC,CHAI DIAGNOSTICS, LLC,CITY
ORTHO TRADING, INC, CLANCY NP ADULT HEALTH,
PC,COMPLETE NEUROPSYCHOLOGY, PC,CROSS BAY
ORTHOPEDIC SURGERY, PC,DAVID CARMILI
PHYSICIAN, PC,DIAGNOSTIC NEUROLOGY,
PC,ELIYAHUS PHARMACY INC, EXPRESS DME, INC, EZ
RELIEF MEDICAL, PC,FAR ROCKAWAY MEDICAL,
PC,FIFTH AVENUE SURGERY CENTER, LLC,GAVRIIL
KHAIMOV, HAMILTON CHIROPRACTIC, PC,HIGHLAND
AVE CARE, INC, HILLSIDE PHYSICAL THERAPY,
PC,INSPIRED CHIROPRACTIC, PC,NEW HORIZON
SURGICAL CENTER, LLC,NIT MED SUPPLY, INC, NYC
GREAT SUPPLY INC, PHELAN CLANCY NP IN ADULT
HEALTH, PLLC,PHYSIO REHAB PT, PC,PRECISION
ANESTHESIA ASSOCIATES OF NEW JERSEY,
LLC,PRIME TECH ORTHO, INC, PROFESSIONAL
CHIROPRACTIC CARE, PC,PYRAMID PHYSICAL
THERAPY, PC,RAMBAM ORTHO SUPPLY INC,
RIDGEWOOD DRUG INC, RIGHT CHOICE PHARMACY,
INC, SOLOMON HALIOUA, SOUTHWELL
ACUPUNCTURE, PC,STAND-UP MRI OF THE BRONX
PC,TITAN DIAGNOSTIC IMAGING SERVICES, INC, TOV
MEDICAL SUPPLY INC, WAY TO REHAB PT, PC

| |
|---|
| INDEX NO. 152131/2024 |
| MOTION DATE 03/28/2025 |
| MOTION SEQ. NO. 002 |

**DECISION + ORDER ON MOTION**

                     Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132

were read on this motion to/for               JUDGMENT - SUMMARY       .

       This action arises out of an alleged staged motor vehicle accident. Plaintiff now moves

for summary judgment on its third cause of action, breach of condition precedent to coverage.

[* 1]

Defendants, Active Life Chiropractic PC, Better Soon RX Inc, Chai Diagnostics LLC, Diagnostic Neurology PC, Eliyahus Pharmacy Inc and Professional Chiropractic Care PC, oppose the instant motion[1]. For the reasons set forth below, plaintiff's motion for summary judgment is granted.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v Bank of the W.*, 28 NY3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

In opposition to the motion defendants contend that the motion is premature, as there has been no discovery in this matter and plaintiff is required to provide the claim file. Although not specifically addressed in their opposition, defendants adopt the arguments set forth by the former defendants, referred to as the Ryback defendants, NYSCEF Doc. 115, with respect to the argument that plaintiff has failed to satisfy its prima facie burden that the individual defendants' failure to subscribe their EUO transcripts is breach of condition precedent. In their opposition papers, the Ryback defendants contend that because plaintiff has failed to establish that the

---

[1] Defendants Fifth Avenue Surgery Center LLC, New Horizon Surgical Center LLC, Physio Rehab PT, P.C., also opposed, however prior to the full submission of this motion those entities settled with the plaintiff.

**152131/2024 Motion No. 002**                                              **Page 2 of 4**

[* 2]

underlying EUO was timely noticed therefore rendering the EUO a nullity. The Court does not agree.

Plaintiff annexed the notices along with the bills submitted to establish that the notice was timely sent. Notwithstanding, the individuals attendance with counsel at the EUO, is sufficient in this instance to establish that a timely notice was sent, thus this argument is insufficient to raise a triable issue of fact. Because it is undisputed that failure to execute the EUO transcript is a breach of a condition precedent to coverage, (*Kemper Independence Ins. Co. v Cornerstone Chiropractic, P.C.*, 185 AD3d 468, 468 [1st Dept 2020]), and defendants have failed to raise a triable issue of fact, plaintiff's motion for summary judgment on its third cause of action is granted.

The Court rejects defendants' contentions that discovery is required and thus does not reach its argument regarding plaintiff's obligation to provide its claim file. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment on its third cause of action is granted; and it is therefore

DECLARED that plaintiff has no obligation to provide No-Fault benefits under the Mandatory Personal Injury Protection Endorsement and Additional Personal Injury Protection Endorsement or Uninsured/Underinsured motorist coverage under the INFINITY insurance policy relating to the injuries allegedly sustained as a result of the December 4, 2022, alleged loss under INFINITY claim number 22124066622.

[* 3]

20250711112529LFRANKAF098744C31D40C980E47B07A6C65B23

**7/11/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

CHECK ONE: 
| | |
|---|---|
| ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| ☒ GRANTED   ☐ DENIED | ☐ GRANTED IN PART   ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER   ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

**152131/2024 Motion No. 002**                                                    **Page 4 of 4**

[* 4]